# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

Stephen R. Ludwig, Clerk            www.innd.uscourts.gov

April 16, 2007

**KC FILED**
APR 1 9 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Clerk, United States District Court
Northern District of Illinois
Everett McKinley Dirksen Building
219 South Dearborn Street, 20th Floor
Chicago, IL 60604

**07CR 0220 JUDGE FILIP**

RE:     Asia Latise Hurt
         Our Case Number 2:05cr148

**MAGISTRATE JUDGE MASON**

Dear Clerk:

I am enclosing certified copies of the following pleadings:

(X)     Transfer of Jurisdiction Order

(X)     Judgment and Commitment

(X)     Plea Agreement

(X)     Indictment

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

STEPHEN R. LUDWIG, CLERK

07 CR 220 Judge Filip
Magistrate Judge Mason

By: /s/ RMNagy
      Case Administrator

Reply to Hammond Office

1108 E. Ross Adair Federal Bldg. • 1300 S. Harrison Street • Fort Wayne, Indiana 46802 • (260) 423-3000 • Fax (260) 423-3007
5400 Federal Plaza • Suite 2300 • Hammond, Indiana 46320 • (219) 852-6500 • Fax (219) 852-6509
102 Robert A. Grant Federal Bldg. • 204 South Main Street • South Bend, Indiana 46601 • (574) 246-8000 • Fax (574) 246-8002
214 Charles Halleck Federal Bldg. • 230 North Fourth Street • P.O. Box 1498 • Lafayette, Indiana 47902 • (765) 420-6250 • Fax (765) 420-6273

| INN - PROB 22 Rev. 05/04* | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| | | 0755 2:05CR00148 |
| | TRANSFER OF JURISDICTION | DOCKET NUMBER (Rec. Court) |
| | | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Asia Latise Hurt<br>5956 W. Cortland St.<br>Basement Apt.<br>Chicago, IL 60639 | Northern District Of Indiana | Hammond |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Rudy Lozano | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 03/07/2006 | TO 03/06/2011 |

RECEIVED MAR 16 2007 U.S. PROBATION OFFICE CHICAGO, ILLINOIS

| OFFENSE | |
|---|---|
| BANK FRAUD | |

07CR 0220 KC FILED APR 19 2007 MICHAEL W. DOBBINS JUDGE FILIP CLERK, U.S. DISTRICT COURT

2007 APR 12 PM 3:37 FILED

**PART 1 - ORDER TRANSFERRING JURISDICTION**

MAGISTRATE JUDGE MASON

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___ Northern District of Illinois ___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

3/13/07
_____
Date

/s/ Rudy Lozano
_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___ NORTHERN ___ DISTRICT OF ___ ILLINOIS ___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

07 CR 220 Judge Filip
Magistrate Judge Mason

MAR 29 2007
_____
Effective Date

_____
Other Court Judge / United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____ DEPUTY CLERK
Date 4-16-2007

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

**07CR 0220**

NORTHERN District of INDIANA

UNITED STATES OF AMERICA  **JUDGMENT IN A CRIMINAL CASE**
V.

FILED
KC
APR 1 9 2007
MICHAEL W. DOBBINS
ASIA LATISE HURT CLERK, U.S. DISTRICT COURT

Case Number: 2:05 CR 148-01
USM Number: 08506-027

John E. Martin
Defendant's Attorney

**JUDGE FILIP**

**THE DEFENDANT:**

x pleaded guilty to count(s) one

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

**MAGISTRATE JUDGE MASON**

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1028 | Identity Theft | 4/2002 | one |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 7, 2006
Date of Imposition of Judgment

/s/ Rudy Lozano
Signature of Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 04-16-2007

Honorable Rudy Lozano, United States District Court Judge
Name and Title of Judge

March 9, 2006
Date

07 CR 220 Judge Filip
Magistrate Judge Mason

DEFENDANT: ASIA LATISE HURT
CASE NUMBER: 2:05 CR 148-01

# PROBATION

The defendant is hereby sentenced to probation for a term of: five years

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

DEFENDANT:       ASIA LATISE HURT
CASE NUMBER:     2:05 CR 148-01

# ADDITIONAL PROBATION TERMS

The defendant shall not illegally possess a controlled substance.

The defendant shall pay any financial penalty that is imposed by this judgment.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall perform 50 hours of community service per month as directed by the probation officer.

The defendant shall be placed on home detention for a period of 6 months, to commence within 30 days of this Judgement Order. During this time, the defendant shall remain at her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at her place of residence without any "call forwarding," "Caller ID," "call waiting," modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.

The defendant is to pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made based on annual poverty guidelines established by the U.S. Department of Health and Human Services (HHS) on a sliding scale basis. The co-payment amount shall not exceed an amount determine by the Probation Officer's Sliding Scale for Monthly co-payment. Changes to the established rate can be made by the probation officer subject to supervisory approval.

DEFENDANT: ASIA LATISE HURT
CASE NUMBER: 2:05 CR 148-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ | $ 14,691.69 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, (street address), (city, state, zip) for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Bank First |  | $1,405.42 |  |
| Capital One |  | $5,440.15 |  |
| Ameritech |  | $2,294.62 |  |
| Cingular |  | $383.64 |  |
| Z Tel |  | $541.33 |  |
| Marshall Field's |  | $2,478.24 |  |
| Target |  | $2,148.29 |  |
| **TOTALS** | $ | $ 14,691.69 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ASIA LATISE HURT
CASE NUMBER: 2:05 CR 148-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 14,791.69  due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

    **If the defendant is unable to pay full amount immediately the defendant must payment minimum payments of $150.00 a month.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

KC FILED
APR 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **07CR 0220** |
| v. | ) ) | CAUSE NO. 2:05CR148 RL |
| ASIA LATISHE HURT | ) ) | **JUDGE FILIP** |
| Defendant | ) ) | MAGISTRATE JUDGE MASON |

### PETITION TO ENTER A CHANGE OF PLEA

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Joseph Van Bokkelen, United States Attorney, through Assistant United States Attorney Randall M. Stewart, the defendant, Asia Latishe Hurt, and John E. Martin as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, ____Asia Latishe Hurt____, have the ability to read, write and speak the English language.

2. I have received a copy of the Indictment and have read and discussed it with my attorney, and believe and feel that I understand every accusation made against me in this case.

3. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my attorney is fully informed as to all such matters. My attorney has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in

07 CR 220 Judge Filip
Magistrate Judge Mason

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 04-16-2007

this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

> a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

> b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

> c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

> d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

> e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

> f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g.  In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.  I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a.  I will plead GUILTY to the One (1) Count Indictment charging me with Identity Theft in violation of Title 18, United States Code, §§1028(a)(7) because I am, in fact, GUILTY of the offense charged;

   b.  I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in the Indictment is a term of incarceration, if any, not to exceed 15 years, a fine not to exceed $250,000.00 or twice the gain derived or loss suffered as a result of the offense, or a combination of both, plus a mandatory special assessment of $100.00 in addition to any other penalty imposed. I further understand that if the Court imposes any term of imprisonment, then a minimum term of 2 years and a maximum term of 3 years of supervised release is required. I further understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court and should I violate any of those conditions, the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment;

   c.  In exchange for my guilty plea, the government agrees that I will not be

        charged with any further Identity Theft offenses which it is aware of and which are articulated within this plea in the form of restitution I am agreeing to pay to victim's not listed in the One (1) Count Indictment;

d.     The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements **I will not be allowed to withdraw my guilty plea:**

    i.     In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point and, if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense(s), give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances;

    ii.     The United States of America recommends that the Court should impose a sentence upon me equal to the minimum of the applicable guideline range;

    iii.     The United States of America and I have agreed on the following matters with respect to my case: transfer or use of means of identification occurred and total loss amount exceeded $10,000.00 U.S. currency;

e.     As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of, or involvement in, any violation of federal or state law. In this regard, I further agree, if requested to do so, to testify truthfully and completely before any grand jury and/or at any future criminal trials; I further understand that at the time of my sentencing, in exchange for any cooperation that I have tendered, the United States Attorney **may** file a departure Motion with the Court pursuant to U.S.S.G. Section 5K1.1. I fully understand that the government has full discretion on the filing of such a Motion and the amount of departure, if any and that the Court is in no way obligated to follow the recommendation of the government; I fully understand that if the Court rules against a downward departure that **I will not be allowed to withdraw my plea of guilty;**

f.     As part of this agreement, I understand that the United States Attorney may seek to defer my sentencing until such time as my cooperation is

complete;

g. As part of this agreement, I agree to make full restitution to the victim(s) of my offense, including, but not limited to, any financial institutions, credit card companies, merchants, and retail establishments, as determined by the sentencing court pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. §3663A(a)(3); I understand that in determining the appropriate amount of restitution to be paid by me, the Court is not limited to the conduct detailed in the count to which I am pleading guilty, but may also consider the total loss sustained by the victim(s) of my offense conduct; I also agree that the amount of restitution that I am agreeing to pay may be in excess of the amount to which I am pleading guilty. I further agree to promptly upon request provide an accurate financial statement in a form to be provided to me by the Probation Department or the United States Attorney's Office, and to provide updated financial information when requested to do so;

h. I further agree to complete an Affidavit and cooperate with the United States Attorney's Office, the Victim-Witness Coordinator with the United States Attorney's Office, or its designee to assist any victim wherein my conduct had an adverse result on that individual(s) credit history and/or credit status with any credit bureau and credit reporting agency, including the deceased spouse of the surviving victim in order to correct mistakes or misstatements within their credit history. I acknowledge that this cooperation may include providing an Affidavit reflecting my true name, date of birth, and social security number and acknowledging that I utilized the name, date of birth, social security number, and/or an authorized or an unauthorized credit card of a victim without their knowledge, authority, and permission;

i. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation,

including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

j.  I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

8.  I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the allegations in the One (1) Count Indictment to which I have agreed to plea guilty, including acknowledging the following facts:

> *In or about October 2001 through in or about April 2002, in the Northern District of Indiana, Hammond Division, and elsewhere, as part of the scheme and pattern of criminal activity, I did knowingly use in and affecting interstate and foreign commerce, without lawful authority, a means of identification of S.L.W. to obtain a credit card by using the name, date of birth, and social security number of S.L.W. without her knowledge, authority, or permission. I acknowledge that the credit card was delivered from outside the State of Indiana to the State of Indiana through the United States mail, a private interstate carrier, or a commercial interstate carrier and that through my intentional criminal acts I knowingly committed violations of federal law, to wit: mail fraud pursuant to 18 U.S.C. §1341, credit card fraud pursuant to 18 U.S.C. §1029(a)(2), and bank fraud pursuant to 18 U.S.C. §1344. I further acknowledge that my criminal conduct resulted in obtaining items of value aggregating $1,000.00 or more during a one (1) year period.*

9.  I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation: (1) to demonstrate acceptance of responsibility; (2) to cooperate with the government; or (3) to provide complete, truthful, and candid testimony, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the

non-binding promises made by the government in this agreement and I would have **NO RIGHT TO WITHDRAW MY GUILTY PLEA**, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my attorney has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

/s/ Asia Latishe Hurt
ASIA LATESHE HURT
Defendant

/s/ John E. Martin
JOHN E. MARTIN, Esq.
Attorney for Defendant

APPROVED:

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: /s/ Randall M. Stewart
Randall M. Stewart
Assistant United States Attorney

KC FILED
APR 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

FILED
SEP 22 2005
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CAUSE NO. **2:05CR148RL** |
| v. ) | 18 U.S.C. §1028(a)(7) |
| ASIA LATISHE HURT ) | |

**INDICTMENT**

**07CR 0220**

**JUDGE FILIP**

**MAGISTRATE JUDGE MASON**

**THE GRAND JURY CHARGES:**

## COUNT 1

Between in or about October 2001 and continuing through in or about April 2002, in the Northern District of Indiana, Hammond Division, and elsewhere,

**ASIA LATISHE HURT,**

defendant herein, did knowingly use in and affecting interstate commerce, without lawful authority, a means of identification of another person, that being the name, date of birth, and Social Security number of S.L.W., an individual known to the grand jury, to obtain a credit card from Capital One, Virginia, which was delivered through the United States mail to the State of Indiana, with the intent to commit an unlawful activity which constituted a violation of federal law, to wit: mail fraud pursuant to Title 18, United States Code, Section 1341; credit card fraud pursuant to Title 18, United States Code, Section 1029(a)(2); and bank fraud pursuant to Title 18, United States Code, Section 1344, and by such conduct the defendant did obtain items of value

07 CR 220 Judge Filip
Magistrate Judge Mason

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 04-16-2007

aggregating $1,000.00 or more during a one (1) year period;

All in violation of Title 18, United States Code, Section 1028(a)(7).

A TRUE BILL:

/s/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: /s/ Randall M. Stewart
Randall M. Stewart
Assistant United States Attorney
Northern District of Indiana

2